Labauye, J.
This case is before us, first, on a motion to dismiss the appeal, on the following ground :
That all the parties interested in maintaining or reversing said judgment are not parties to the appeal; judgment, was rendered against Mary
C. Stirling and William D. Winter, in solido, and both of them appealed. This suit is brought by plaintiff against M$ry C. Stirling and William
D. Winter, upon their four notes, in solido, dated January 24th, 1863. amounting in all to §16,000.
*138 The District Court, after hearing the evidence, gave judgment for plaintiff against both defendants in solido, for the sum claimed.
Both • defendants appealed by motion, from that judgment, t.o this (hurt.
Mrs. Mary C. Stirling alone, one of the appellants, filed a bond of appeal, as principal, and W. D. 'Winter and Chas. J. Johnson as sureties, in favor of Robinson G. Cotton, the plaintiff. It is then evident that William D. Winter, one of the judgment debtors in solido, is not before this Court, either as appellant or appellee, as his name does not figure in the bond in either capacity. Those only are parties to the appeal whose names are inserted in the' bond. 12 R. 203. 10 A. 232. 11 A. 109. 12 A. 71. 13 A. 392, 111. 11 A. 315, 688.
It is settled that all parties interested that the j udgment should remain undisturbed, must be made parties to the appeal or it will be dismissed. 16 L. 109. 3 R. 136.. 5 R. 221. 9 R. 256. 12 R. 180, 203. 8 A. 367. 11 A. 674. 11 A. 315.
The question arises now, has W. D. Winter, who is decreed to pay in solido the whole amount, an interest in the maintaining of this judgment'! As to him, we cannot touch that judgment, he not being a party .before us.
This judgment, although rendered in solido in favor of the plaintiff, is of right divided betweén the two defendants, who, between themselves, are liable each only for his half. Civil Code, Art. 2099. 12 R. 183. So, in this case, if Winter pay the whole judgment, he can claim from his co-defendant one-half thereof (C. C. Art. 2100), and would be subrogated as surety to all the rights of the judgment creditor, for the recovery of that half against the appellant. Civil Code, Art. 2157, No. 3. 11 L. 52. 3 A. 66. 3R.299. 2 A. 127. If that judgment has been recorded, thereby creating a judicial mortgage on the real property of the appellant, Winter, on paying that judgment, would have the same mortgage securing the half due by said appellant.
We are of opinion that Winter has an interest in having the judgment appealed from affirmed; for, if it be reversed, the appellant is released from it, and Winter remains bound alone under it, without recourse on his co-obligor for his half. In Gibson v. Selby, 3 A. 317, the plaintiff in an injunction suit and his surety had been decreed to pay, in solido, interest and damages ; the plaintiff alone appealed, without bringing before this Court his surety; the appeal was dismissed, In Saux v. Lefivre et al., 12 A. 757, a judgment was rendered in solido against two defendants, one of whom alone appealed, without making his co-defendant a party to the appeal, which was dismissed, for the reason that the defendant left out had an interest in maintaining the judgment appealed from.
We are of opinion that the motion to dismiss must prevail..
Appeal dismissed, at the costs of the appellant.